# IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE
## IN AND FOR SUSSEX COUNTY

YIMAO ZHANG,                           )
                                       )
    Appellant                    )
    Defendant Below,             )
                                       )
    v.                           )    C.A. No. CPU6-21-000795
                                       )
JACK LINGO, INC., REALTOR              )
                                       )
    Appellee                     )
    Plaintiff Below.             )
                                       )

Submitted: August 12, 2022
Decided:  September 9, 2022


Yimao Zhang
108 Belfast Road
Timonium, MD 21093
*Appellant Pro Se*

David C. Hutt, Esquire
Michelle G. Bounds, Esquire
Morris James LLP
107 W. Market Street
Georgetown, DE 19947
*Attorneys for Appellee*


## ORDER ON
## APPELLANT'S MOTION FOR REARGUMENT AND,
## APPELLANT'S REQUEST FOR AN INTERLOCUTORY APPEAL

On Appellant's Motion for Reargument and Request for Interlocutory Appeal. **DENIED.**

By Opinion dated August 5, 2022, the Court granted Appellee's Motion to Dismiss. The Court held: Appellant may not attach a Countercomplaint and may only be heard as to the Motion to Vacate Judgment on a *de novo* appeal from the Justice of the Peace Court. In addition, the Court found no evidence Appellee or its legal counsel violated the Court of Common Pleas Civil Rule 11(b) requiring sanctions.

Appellant moved for reargument. Appellant argues the initial judgment from the Justice of the Peace Court dated February 28, 2020, was no longer the final order after the July 26, 2021, order denying Appellant's Motion to Vacate Judgment as the time for appeal is suspended upon the filing of a post-judgment motion. The court instructions regarding the appeal process illustrates how the "*de novo*" appeal process starts all over again from the beginning. Appellant contends Appellee failed to file a complaint as required, Appellant's response stays the same. Additionally, Appellant asserts if the matter before the Court is the order regarding the Motion to Vacate Judgment on July 26, 2021, merely 9 days before the filing of this appeal on August 5, 2021, that is an instant appeal, not *de novo*. Appellant states the Countercomplaint covers a time period from May 2018 to November 2018 that was not in the original Justice of the Peace Court matter, however that is not a new allegation as it is the same parties, same issue and same property in dispute.

Appellant admits no evidence could be obtained of fraud committed by Appellee within the 15 days of the initial February 28, 2020, judgment however there was fraud and the blame should be on Appellee and issues with the pandemic. Finally, Commissioner already hinted his opinion and was going to deny the Motion to Dismiss and Appellant wished to keep the Commissioner on this case. Appellee intentionally mislead the case by filing a renewed Motion to Dismiss causing an unnecessary delay and waste of resource in violation of Court of Common Pleas Civil Rule 11(b).

The Court finds Appellant continues to offer the same arguments used in her appeal and Motion to Dismiss response. Appellant fails to recognize any matter appealed from the Justice of the Peace Court must be appealed within 15 days of the order. Appellant failed to appeal the original action in the Justice of the Peace Court. Appellant appealed the denial of the Motion to

Vacate Judgement to this honorable Court. Therefore, her appeal is limited in scope to the Motion to Vacate Judgement.

The purpose of moving for reargument is to seek reconsideration of findings of fact, conclusions of law, or judgment of law.[1] Reargument usually will be denied unless the moving party demonstrates that the Court overlooked a precedent or legal principle that would have a controlling effect, or that it has misapprehended the law or the facts in a manner affecting the outcome of the decision.[2] "A motion for reargument should not be used merely to rehash the arguments already decided by the court."[3] To the extent Plaintiff asserted issues that were not raised in the submissions in support of its original motion, new arguments may not be presented for the first time in a motion for reargument.[4] "Using a motion for reargument for either of these improper purposes frustrates the efficient use of judicial resources, places the opposing party in an unfair position and stymie[s] the orderly process for reaching closure on the issues.[5]

The Court has reviewed and considered the parties' written submissions and arguments. The Court did not overlook a controlling precedent or legal principle or misapprehend the law or the facts in a manner affecting the outcome of the decision.

Appellant requested an Interlocutory Appeal pursuant to Delaware Supreme Court Rule 42(b) and makes identical arguments used in the Motion for Reargument. While it is unclear the basis for Appellant's request, the Court finds Appellant fails to establish the burden required to receive such a request. The Delaware Superior Court may only accept appeals from the Court of

---

[1] *Hessler, Inc. v. Farrell*, 260 A.2 702, 702 (Del. 1969)
[2] *Feguson v. Vakili*, 2005 WL 628026, at *1 (Del. Super. March 16, 2005).
[3] *Wilmington Trust Co. v. Nix*, 2002 WL 356371, at *1 (Del. Super. Feb. 21, 2002).
[4] *Oliver v. Boston University*, 2006 WL 4782232, at *1 (Del. Ch. April 14, 2006).
[5] *Ward v. Delaware State Police, Delaware Victim's Compensation Assistance Program*, 2021 WL 4519629, at * 1 (Del. Super. Oct. 4, 2021).

Common Pleas on final judgments.[6] Appellant may still appeal the Motion to Vacate Judgment. In addition, the Supreme Court will not accept appeals from the Court of Common Pleas.[7]

THEREFORE, Appellant's Motion for Reargument is hereby **DENIED**. Appellant's Request for Interlocutory Appeal is **DENIED.**

IT IS SO ORDERED.

The Honorable Rae M. Mims
Judge

Cc:    Shelly Swafford, Judicial Case Manager Supervisor

---

[6] See 10 *Del. C.* § 1326.
[7] See Del. Const. art. IV, § 11(1)(b).

4